IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PEOPLE OF THE STATE OF
CALIFORNIA,

        Plaintiff,

vs.

WILLIAM DALE BLACKWELDER,

        Defendant.

No. CIV S-06-2254 GEB DAD PS

<u>FINDINGS AND RECOMMENDATIONS</u>

/

        William Blackwelder, proceeding pro se, has filed a notice of removal of a state criminal prosecution from Butte County Superior Court.  The notice includes a motion for leave to file the notice out of time.  Blackwelder has also filed an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This action has been opened as a civil rights case, and the proceeding has been referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        Blackwelder's in forma pauperis application makes the showing required by 28 U.S.C. § 1915.  However, the determination that a party is unable to pay the filing fee does not complete the required inquiry.  Under 28 U.S.C. § 1915(e)(2), the case must be dismissed if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune party.

1 Blackwelder states that he has filed his notice of removal under authority of 28
2 U.S.C. § 1446(b).  His pleadings also cite 28 U.S.C. § 1446(a), (c)(1), (c)(2), (c)(5), and (f); 28
3 U.S.C. § 1447(a) and (b); and 28 U.S.C. § 1443(1).  Blackwelder's allegations, which are often
4 confusing and sometimes contradictory, include the following: he is being held unlawfully and
5 against his will[1]; he was released on his own recognizance after he was charged in state court
6 with committing felonies; he received ineffective assistance of counsel from his appointed
7 counsel and from retained counsel during proceedings conducted in the Butte County Superior
8 Court and on appeal; he was not given "a lawful complaint stating the nature and cause of what
9 [he was] charged with"; the district attorney who signed the complaint charging him lacked the
10 authority to do so; and he filed a state habeas petition but did not receive a ruling from the
11 California Supreme Court.  Blackwelder contends that removal of his state criminal prosecution
12 to federal court is proper because this action "involves a solemn federal question" and he seeks to
13 vindicate his constitutional rights.

14 Blackwelder states that he has attached to the notice of removal "[a]ll pleadings,
15 process, orders, and other filings in the state court action."  This statement appears to be
16 erroneous.  Blackwelder has attached to his notice copies of the following documents:  a habeas
17 petition captioned for filing in the California Supreme Court; a felony complaint filed in Butte
18 County Superior Court case No. CM020935 on April 28, 2004; a first amended felony complaint
19 filed August 3, 2004; a search warrant filed April 27, 2004; the prosecutor's written apology for a
20 mis-statement of law made in chambers, filed January 26, 2005; his plea of no contest to
21 possession of a controlled substance with a firearm enhancement and possession of a deadly
22 weapon (a "billy"), signed by defendant and his attorney on March 29, 2005, signed by the
23 prosecutor on April 5, 2005, and filed in state court on April 5, 2005; and state court minutes for
24 /////

---

[1] Blackwelder's address of record is, and has been throughout this litigation, a private address.

2

June 7, 2005, calendaring his case for sentencing on June 21, 2005. Blackwelder filed his notice of removal on October 12, 2006.

This court's jurisdiction over the state criminal action in question depends on whether Blackwelder has complied with the removal statutes applicable to criminal prosecutions. Abrego Abrego v. Dow Chemical Co., 443 F.3d 676, 682-83 (9th Cir. 2006) ("In cases removed from state court, the removing defendant has 'always' borne the burden of establishing federal jurisdiction. . . ."); Westinghouse Elec. Corp. v. Newman & Holtzinger, 992 F.2d 932, 934 (9th Cir. 1993) ("The party seeking removal has the burden of establishing federal jurisdiction . . . ."). Courts strictly construe the removal statutes against removal jurisdiction, and any doubt as to the right of removal must be resolved in favor of remand. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Conclusory allegations of jurisdictional facts will not suffice, and a removed case should be remanded by the district court if the removing party fails to establish the necessary jurisdictional facts by a preponderance of evidence. Gaus, 980 F.2d at 567; Beaver v. NPC Int'l, 451 F. Supp. 2d 1196, 1198 (D. Or. 2006); Bosinger v. Phillips Plastics Corp., 57 F. Supp. 2d 986, 988-89 (S.D. Cal. 1999).

The notice of removal of a criminal prosecution "shall include all grounds for such removal." 28 U.S.C. § 1446(c)(2). Failure to state any ground which exists at the time of the filing of the notice constitutes a waiver of such ground. Id. "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4).

Here, Blackwelder states that he has filed his notice of removal under the authority of 28 U.S.C. § 1446(b). However, § 1446(b) applies only to civil actions and proceedings. Moreover, § 1446 is titled "Procedure for removal" and contains only procedural provisions. Thus, none of the subsections of § 1446 cited by Blackwelder, including § 1446(a), (c)(1), (c)(2), (c)(5), and (f), provides authority for removal of his criminal case to federal court.
/////

Blackwelder's citation to 28 U.S.C. § 1447(a) and (b) is equally unavailing because § 1447 governs procedures to be followed in federal court after removal.

Finally, Blackwelder's reliance on 28 U.S.C. § 1443(1) in support of removal of this action is misplaced. This statute, titled "Civil rights cases," provides as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof. . . .

28 U.S.C. § 1443(1).

A case may be removed under § 1443(a) only where a two-pronged test is met. "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)). "Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" Id. (quoting Rachel, 384 U.S. at 803). In general, there must be a state law or constitutional provision that denies the defendant an opportunity to raise a federal right in his state criminal proceeding. Id. (citing Rachel, 384 U.S. at 803).

The Ninth Circuit has stated that the ground for removal of a state criminal prosecution to federal court under § 1443(1) is "both specific and extremely narrow." Davis v. Superior Court, 464 F.2d 1272, 1273 (9th Cir. 1972). Removal of a state criminal case "is proper *only* if the petitioner asserts, 'as a defense to the prosecution, rights that are given to [him] by explicit statutory enactment protecting equal racial civil rights.'" Id. at 1272 (quoting People of State of California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970)). In Davis, the defendant had been charged by the State of California with violating statutes that made it criminal for a convicted felon to own or possess a concealable firearm, or to carry such a firearm in a vehicle on

4

a public street. Id. The Ninth Circuit found that (1) Davis' only claim was that his prior convictions were "invalid for various specific reasons, none remotely related to the protection of equal racial civil rights," (2) he had brought habeas corpus proceedings in federal court to test the validity of his prior convictions, and (3) the state court declined to recognize the federal habeas proceedings as a ground for a continuance or as a defense to the prosecution of the defendant's criminal action. Id. On appeal, Davis argued that the district court should not have remanded his criminal case to the state court without notice, an opportunity to be heard, and an opportunity to amend. Id. The Ninth Circuit ruled that the specific and narrow nature of removal under § 1443(1) made it possible for the district court to determine, from its inspection of the defendant's removal petition, that Davis could not state a ground that would entitle him to remove his state criminal case to federal court. Id. at 1273.

Here, defendant was charged with violating statutes that made it a crime for a convicted felon to possess firearms or ammunition, to possess controlled substances or a smoking device, to possess a deadly weapon, and to engage in certain activity involving weapons. (Def't's Notice of Removal, Ex. 1.) In the first amended complaint, the charges were reduced and Blackwelder was charged with violating statutes making it criminal to possess a controlled substance (cocaine) while armed, possess a controlled substance (methamphetamine) while armed, possess a deadly weapon (a billy), engage in activity involving a short barreled shotgun or rifle, and to possess a device for smoking a controlled substance. (Id., Ex. 2.) Defendant entered a plea of no contest to Counts 1 and 3 of the first amended complaint and stipulated to a factual basis for those pleas . (Id., Ex. 3.) In his removal petition, Blackwelder alleges ineffective assistance of counsel, lack of notice of the charges against him, and a pleading defect in the state criminal charging document.

Blackwelder's pleadings demonstrate that he did not assert as a defense to his state criminal prosecution any right under a statute that explicitly protects equal racial civil rights. Blackwelder has not alleged or argued that his state criminal prosecution denied him

vindication of a statute protecting equal racial civil rights. Nor has defendant alleged or argued that he has been denied equal racial civil rights or that he cannot enforce such rights in the state courts. Like the party seeking removal in Davis v. Superior Court, Blackwelder seeks only the enforcement of constitutional provisions of general applicability. That is not a sufficient basis to remove defendant's criminal prosecution to federal court under § 1443(1).

Blackwelder's attempted removal of his state criminal case to federal court is also untimely. "A notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time." 28 U.S.C. § 1446(c)(1). Defendant did not file a timely notice of removal and has not shown good cause for leave to file his notice out of time. Defendant's motion for leave to file his notice out of time should be denied.

The undersigned also notes that the removing party is required to furnish the court, at the time of removal, with "a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1446(a). "This is necessary so the court has some idea what has transpired in the state court action that is being removed, and the federal court can ascertain the current procedural posture of the removed proceeding." Albertson v. United States, No. CV 07-529-PA, 2007 WL 1170632, at *1 (D. Or. Apr. 7, 2007). Here, defendant did not provide this court with a copy of all required documents, making it difficult for this court to determine the procedural posture of the removed case. Despite the incomplete record, however, it appears on the face of defendant's notice and exhibits that removal should not be permitted because defendant has not demonstrated and cannot demonstrate a valid basis for removing the matter to federal court. The undersigned will therefore recommend that an order for summary remand be entered pursuant to 28 U.S.C. § 1446(c)(4).

Finally, Blackwelder recently submitted copies of two documents captioned for filing in the Butte County Superior Court. In one document, Blackwelder asserts that the state is

abrogating the removal of his criminal case to federal court by attempting to execute the sentence imposed by the Superior Court. The second document also concerns the execution of the sentence imposed by the state court. Blackwelder is informed that the filing of a notice of removal of a criminal prosecution does not prevent the state court in which the prosecution is pending from proceeding, "except that a judgment of conviction shall not be entered unless the prosecution is first remanded." 28 U.S.C. § 1446(c)(3). If a judgment of conviction was entered in defendant's case prior to October 12, 2006, when Blackwelder attempted to remove his criminal prosecution to federal court, it does not appear that the state court is precluded from executing its judgment. Contrary to Blackwelder's assertion, there is no "automatic stay" on proceedings after a notice of removal of a criminal case is filed in state court. See 28 U.S.C. § 1446(c)(3). Blackwelder's reliance on the decision in Anthony v. Runyon is misplaced, because that case addresses the issue of when removal is effected in a civil action. See 76 F.3d 210, 213-14 (8th Cir. 1996).

      For the reasons set forth above, IT IS RECOMMENDED that:

      1. Blackwelder's motion for leave to proceed in forma pauperis be denied;

      2. Blackwelder's motion for leave to file notice of removal out of time be denied;

      3. This action be dismissed; and

      4. The underlying criminal proceeding, Case No. CM 020935, be remanded to Butte County Superior Court.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **ten** days after being served with these findings and recommendations, defendant may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Defendant is advised that failure to file

/////

/////

1 objections within the specified time may, under certain circumstances, waive the right to appeal
2 the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: June 28, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\blackwelder2254.f&r.ifpden